# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HAROLD MACLIN, on behalf of himself and all others similarly situated, | CASE NO. 1:17 CV 2612 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| vs. | |
| | **OPINION AND ORDER** |
| RELIABLE REPORTS OF TEXAS, INC., d/b/a Reliable Reports, Inc. | |
| Defendant. | |

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc #: 10.) Defendant asks the Court to dismiss the federal overtime claims of non-Ohio residents for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and to dismiss the state and federal overtime claims for failure to state a claim under Rule 12(b)(6). The Court has reviewed the Motion, the Response brief (Doc #: 11), and the Reply (Doc #: 12), and is prepared to issue a ruling.

**I.**

Defendant Reliable Reports of Texas, Inc. ("Reliable") is a company that is incorporated and headquartered in Texas. Through the employment of Field Reporting Specialists ("Inspectors"), Reliable provides residential and commercial property inspection services for the underwriting departments of insurance providers. Reliable employs approximately 438 individuals who reside in 34 states conducting business in 38 states. Of those 438 employees,

only 14 work in the State of Ohio. Reliable employs 152 people in Texas, including its entire corporate office, as well as 64 members of the field team.

Plaintiff Harold Maclin is a resident of Cuyahoga County, Ohio. He alleges that he worked as an Inspector for Reliable from July 2016 to 2017. He asserts that the day-to-day duties of an Inspector involve traveling to the property in question to conduct an inspection, completing a report, and then forwarding the report to his/her manager where it is reviewed for accuracy and completeness. Maclin asserts that it was common for him and others to work more than 50-60 hours per week absent overtime pay. More specifically, Reliable would pay inspectors the piece-work rate for hours worked in a week over 40, and not the overtime premium. Additionally, Maclin alleges that Reliable failed to make and preserve accurate records of time worked, much less overtime worked

Based on these allegations, Maclin filed a Complaint on December 15, 2017, purporting to bring a collective overtime action against Reliable under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and a Rule 23 class action against Reliable under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01 et seq. ("OMFWSA"). Maclin defined the FLSA collective as:

> All current and former property Inspectors employed by Reliable Reports of Texas, Inc. d/b/a Reliable Reports, Inc. at any time between December 13, 2014 and the present.

(Comp. ¶ 25.) Maclin defined the OMFWSA class as:

> All current and former property inspectors employed by Reliable Reports of Texas, Inc. d/b/a Reliable Reports, Inc. any time between December 13, 2014 and the present.

(Id. ¶ 30.)

On January 12, 2018, Reliable filed a Motion to Dismiss Plaintiff's Complaint arguing that Reliable is not subject to personal jurisdiction in Ohio with respect to the FLSA claims of non-Ohio plaintiffs, e.g., collective opt-in plaintiff Curtis Weber, who lives and works in Texas. (Doc #: 6-1 at 3-8.) Reliable also argued that the state and federal overtime claims fail to state a claim under the stringent *Iqbal/Twombly* standards. (Id. at 8-14.) On February 2, 2018, Maclin filed a Response brief and a First Amended Complaint that appeared to respond to Reliable's arguments. (Doc ##: 6, 7.)

The Amended Complaint contains more factual assertions, and Maclin now defines the FLSA collective as:

> All current and former Inspectors employed by Defendant in the United States in the three years prior to filing this Complaint through the present.

(Doc #: 7 ("Am. Comp.") ¶ 42.) He defines the OMFWSA class as:

> All current and former Inspectors employed by Defendant in Ohio at any time starting three years prior to the filing of this Complaint through the present.

(Id. ¶ 58.) It is clear that Maclin's OMFWSA Rule 23 class is now confined to Ohio Inspectors, while his FLSA claim still purports to represent a nationwide collective.

On February 16, 2018, Defendant filed the pending Motion to Dismiss Plaintiff's Amended Complaint. (Doc #: 10.) Defendant again argues that the Court does not have personal jurisdiction over the FLSA claims asserted by non-Ohio plaintiffs under Rule 12(b)(2) claim, and the additional state and federal overtime factual allegations still do not pass *Iqbal*/*Twombly* muster under Rule 12(b)(6).

## II.

### A.

When personal jurisdiction is challenged, the plaintiff bears the burden of proving that personal jurisdiction exists. "Federal courts apply the law of the forum state when determining whether personal jurisdiction exists." *Mid-West Materials, Inc. v. Tougher Indus., Inc.*, 484 F.Supp.2d 726, 729 (N.D. Ohio 2007) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003), in turn citing *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887-88 (6th Cir. 2002)). If personal jurisdiction exists under the forum state's long-arm statute, the Court must then determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Id*. at 730. The parties do not dispute that personal jurisdiction exists under Ohio's long-arm statute; the only question is whether personal jurisdiction satisfies the Due Process Clause. *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (holding that Ohio's long-arm statute is not coterminous with the Due Process Clause).

There are two types of personal jurisdiction under the Due Process Clause, general and specific jurisdiction, either one of which is adequate to confer jurisdiction. *Id*. The Court has general jurisdiction over a foreign corporation when its affiliations with the state are so continuous and systematic as to render it essentially at home in the forum state. *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014)). If a court has general jurisdiction over a defendant, it can adjudicate any claims involving that defendant, regardless of where the cause of action arose. *Jordan v. Bayer Corp.*, No. 4:17 CV 865, 2017 WL 3006993, at *3 (E.D. Missouri Jul. 14, 2017.) The "paradigm" forums in which a corporate defendant is "at home" are the corporation's state of incorporation and principal place

of business.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  "These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims."  *Daimler*, 134 S.Ct. at 760.  In an exceptional case, a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State."  *Id*. at 761 n.19.  Maintaining extensive operations within a state alone does not satisfy the general-jurisdiction exception.  *See, e.g., BNSF,* 137 S.Ct. at 1559 (although BNSF operated one of its automotive facilities in Montana, had more than 2,000 Montana employees, and had more than 2,000 miles of Montana railroad tracks, BNSF is not subject to general jurisdiction in Montana).

The Court does not have general jurisdiction over Reliable because Reliable is at home in Texas, where it is headquartered and incorporated.  Nor do Reliable's operations in Ohio render it at home here.  As noted, *supra*, only 14 of Reliable's 438 employees works in Ohio, while the entire corporate office and 64 members of its field team live and work in Texas.

Reliable does not dispute that the Court has specific jurisdiction over the FLSA claim of Ohio plaintiffs; it contends only that the Court does not have specific jurisdiction over that claim brought by non-Ohio plaintiffs.

Specific jurisdiction refers to jurisdiction over claims arising from or related to a defendant's contacts with the forum state.  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).  The Sixth Circuit has identified three criteria for specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id*. (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked. *Alisoglu v. Central States Thermo King of Oklahoma, Inc.*, No. 12 CV 10230, 2012 WL 1666426, at *5 (E.D. Mich. May 11, 2012) (citing *Lak, Inc. v. Deer Creek Enter.*, 885 F.22d 1293, 1303 (6th Cir. 1989)).

In support of its position that the Court does not have specific jurisdiction over the FLSA claims of non-Ohio plaintiffs, Reliable cites *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017). In *Bristol-Myers*, out-of-state plaintiffs joined California plaintiffs in a California state court action alleging numerous product liability claims against Bristol-Myers, which is not a citizen of California. The California Supreme Court ultimately concluded that general jurisdiction was lacking, but that California courts had specific jurisdiction over the claims of the non-California plaintiffs. The Supreme Court reversed, stating that the mere fact that non-California plaintiffs were prescribed, obtained, or ingested Bristol-Myers' product in California did not allow California courts to assert specific jurisdiction over the product liability claims of non-California plaintiffs. *Id*. at 1781.

The Court finds that *Bristol-Myers* applies to FLSA claims, in that it divests courts of specific jurisdiction over the FLSA claims of non-Ohio plaintiffs against Reliable. The federal overtime claims of non-Ohio Inspectors against Reliable have less of a connection to the State of Ohio than the non-California plaintiffs' claims had to the State of California in *Bristol-Myers*. Only 14 of Reliable's employees live and work in Ohio. The other 424 employees live and work outside Ohio and their claims have no connection whatsoever to this State.

Maclin cites one case that supports its contention that *Bristol-Myers* does not apply to FLSA collective actions, *Swamy v. Title Source, Inc*., No. Civ. A. No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Calif. Nov. 10, 2017). In *Swamy*, the court concluded that *Bristol-Myers* did not extend to FLSA collective actions, reasoning,

> Unlike the claims at issue in *Bristol-Myers,* we have before us a federal claim created by Congress specifically to address employment practices nationwide. See 29 U.S.C. 202, 207(a). Congress created a mechanism for employees to bring their claims on behalf of other employees who are "similarly situated," and in no way limited those claims to in-state plaintiffs. 29 U.S.C. 216(b). Thus, our circumstances are far different from those contemplated by the Supreme Court in *Bristol-Myers*. The result of the rule Title Source urges would be that each putative collective member not residing in either the state where the suit is brought, or a state where the defendant is domiciled, could not be part of the collective action. This would splinter most nationwide collective actions, trespass on the efficacy of FLSA collective actions as a means to vindicate employees' rights. This result is not mandated by *Bristol-Myers* and this order declines to extend *Bristol-Myers* in the manner Title Source urges.

*Id.* at *2. The Court has found only one other case on this subject in the federal courts electronic database, and it also supports Maclin's position, i.e., *Thomas v. Kellogg Co.*, No. C13-5136RBL, 2017 WL 5256634 at *1 (W.D. Washington Oct. 17, 2017). There, the district court noted that *Bristol-Myers* "left open" the question of whether the Fifth Amendment Due Process Clause imposes the same restrictions on the exercise of personal jurisdiction by a federal court. *Id*. at *1 (quoting *Bristol-Myers*, 137 S.Ct. at 1783-84).

Suffice to say that the unreported opinions of district courts in the Ninth Circuit have no precedential effect on this district court, and there are no opinions in the Sixth Circuit Court of Appeals on the subject. Still, the Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting FLSA claims than the Fourteenth Amendment Due Process Clause, and this district court will not limit the holding in *Bristol-Myers* to mass tort claims or state courts.

The Court notes that this decision does not prevent the Ohio and out-of-state plaintiffs from filing a nationwide collective action in the State that has general jurisdiction over Reliable, Texas. Alternatively, non-Ohio plaintiffs may file collective FLSA actions in their respective home states. For all these reasons, the Court grants the motion to dismiss the FLSA claim of non-Ohio plaintiffs for lack of personal jurisdiction.

**B.**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Shoup v. Doyle*, 974 F.Supp.2d 1058, 1071 (S.D. Ohio 2013) (citing *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 Fed.Appx. 24 (2nd Cir. Sep. 17, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id.* at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotation marks omitted). Simply reciting the elements of a cause of action do not suffice. *Iqbal*, 556 U.S. at 678.

Reliable asks the Court to dismiss the FLSA claim for failure to state a claim. According to Reliable, "[m]any federal courts, faced with a rash of FLSA cases, have sought to ensure that *Twombly*'s pleading standards are followed precisely, particularly with respect to the nature of the wage and hour claims." In support of this contention, Reliable cites *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013); *Nicholson v. UTi Worldwide, Inc.*, No. 3:09 CV 722, 2010 WL 551551 (S.D. Ill. Feb. 12, 2010); *Cooper v. Cmty. Haven for Adults & Children with Disabilities*, No. 8:12 CV 1041-T-33EAJ, 2013 WL 24240, at *9 (M.D. Fla. Jan. 2, 2013).

Maclin, on the other hand, cites cases within the Sixth Circuit holding that no such factually detailed pleading is necessary to survive a motion to dismiss. In *Doucette v. DIRECTV, Inc.*, No. 2:14 CV 2800-STA-tmp, 2015 WL 2373271 (W.D. Tenn. May 18, 2015), the court noted that "[g]enerally, some courts require a Plaintiff to approximate the amount of hours worked and the amount of unpaid overtime wages in a given workweek to survive a motion to dismiss, while others reject such requirements." *Id*. at *7. More specifically, the First, Second, Third, and Ninth Circuits have determined that a plaintiff must allege a given workweek in which he worked over 40 hours – suggesting it would lead to a calculation of unpaid overtime wages. *Id.* The district court in *Doucette* concluded that "Rule 8 does not require detailed factual allegations, and determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (inner quotation marks omitted). *See also Dowd v. DIRECTV, LLC*, No. 14 CV 14018, 2016 WL 28866, at *7 (E.D. Mich. Jan. 4, 2016) (noting that the "[d]efendants'

failure to cite a case within the Sixth Circuit is telling," as courts in this circuit have refused to adopt a stricter pleading standard for FLSA claims); *Mabry v. DIRECTV, LLC*, No. 3:14 CV 698, 2015 WL 28866, at *4 (W.D. Ky. Sep. 21, 2015); *Carter v. Jackson-Madison Cty. Hosp.*, No.1:10 CV 1155-JDB-egb, 2011 WL 1256625, at *6-7 (W.D. Tenn. Mar. 31, 2011); *Noble v. Serco, Inc.*, 2009 WL 1811550, at *2 (E.D. Ky. Jun. 25, 2009).

Here, Maclin has asserted the dates of his employment, that he and others normally worked 50-60 hours per week and the reason for working so many overtime hours, that Reliable failed to keep accurate time records, and that he and others were compensated for overtime hours at the non-overtime piece-work rate. Reliable argues that it did not classify Maclin as exempt from overtime laws and that it did, in fact, pay Maclin for "hundreds" of overtime hours. This does not sound like a case where the defendant is in the dark and has no notice of the state and federal overtime claims against it. The same analysis applies equally to the state overtime claim. Accordingly, the Court declines to follow cases in other jurisdictions that require explicitly detailed factual allegations in order to state overtime claims and, thus, denies Reliable's Rule 12(b)(6) motion to dismiss the state and federal overtime claims.

## III.

Based on the foregoing, the Court grants Defendant's Rule 12(b)(2) Motion to Dismiss the FLSA claims of non-Ohio plaintiffs, and denies Defendant's Rule 12(b)(6) Motion to Dismiss the state and federal overtime claims.

**IT IS SO ORDERED.**

   */s/ Dan A. Polster    March 26, 2018*
**Dan Aaron Polster**
**United States District Judge**